# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JOSEPH DENNY NEZ PERCE,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 20-61-BU-BMM<br><br>**ORDER** |

This case comes before the Court on documents filed by state pro se prisoner Joseph Denny Nez Perce, seeking release from custody. This Court construed his filing as a request for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 2.) Nez Perce was directed to file an Amended Petition on the Court's standard § 2254 habeas form on or before April 30, 2021. *Id*. Mail sent to Nez Perce was returned a "undeliverable." (Doc. 3.) The mail was then resent to another address that had been provided by Nez Perce in a companion case. *Id*. Those items were not returned to the Court. Nez Perce has failed to respond to this Court's order.

## I.     Failure to Prosecute

The Federal Rules of Civil Procedure apply in a habeas action to the extent they are not inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts or other applicable law. *See* Rule 11, Section 2254

1

Rules; *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a motion. *See, e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In determining whether a Petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Nez Perce has failed to file his amended petition within the requisite timeframe.

This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002). The Court cannot manage its docket if Nez Perce refuses to comply with the Court's orders. Nez Perce's case has consumed judicial resources and time that could have been better spent on other matters. This factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondent. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Nez Perce was provided with the Court's standard form to complete and was afforded an adequate amount of time in which

to do so. Nez Perce failed to respond to the Court's order. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, therefore, the weight of this factor is slight. The Court will dismiss this matter for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A certificate of appealability ("COA") should issue for those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack*, 529 U.S. at 484).

The claims that Nez Perce attempts to advance do not appear to make a substantial showing that he was deprived of a constitutional right. Moreover, no reasonable jurist would suggest the Court go forward with the case without Nez Perce's participation. A certificate of appealability will be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

## ORDER

1. Nez Perce's Petition (Doc. 1) is **DISMISSED** under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability is **DENIED**.

DATED this 11th day of May, 2021.

_____
Brian Morris, Chief District Judge
United States District Court